JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sergio Zavala Cerrato and Rosa N. Zavala

### DEFENDANTS
Richard Everts, Donna Everts, Todd Everts, Eric Everts, Brothers Properties, LLC and Everts Property Management, LLC

**(b)** County of Residence of First Listed Plaintiff: **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA 19087, 610-896-9909, scott@pollinslaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**FLSA**
Brief description of cause:
Unpaid wages, including unpaid overtime wages

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/03/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __P.O. Box 951, Kennett Square, PA 19348__

Address of Defendant: __Various addresses, including 191 Lamb Tavern Lane, Glenmoore, PA 19343__

Place of Accident, Incident or Transaction: __Scarlett Manor/Lafayette Apartments in Kennett Square, PA__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/03/2020__  _____ (signature) _____ __PA76334__
                        Attorney-at-Law / Pro Se Plaintiff                Attorney I.D. # (if applicable)

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* __FLSA - unpaid wages__

B.  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Scott M. Pollins__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __06/03/2020__  _____ (signature) _____ __PA76334__
                        Attorney-at-Law / Pro Se Plaintiff                Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Sergio Zavala Cerrato and
Rosa N. Zavala
     v.
Richard A. Everts, et al. : CIVIL ACTION

: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

6/3/2020     Scott M. Pollins     Plaintiffs
Date              Attorney-at-law        Attorney for

610-896-9909     610-896-9900     scott@pollinslaw.com
Telephone           FAX Number          E-Mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGIO ZAVALA CERRATO : | |
|     and : | |
| ROSA N. ZAVALA : | |
|     Plaintiffs : | |
|     v. : | CIVIL ACTION NO. |
| : | |
| RICHARD A. EVERTS : | JURY TRIAL DEMANDED |
|     and : | |
| DONNA M. EVERTS : | |
|     and : | |
| ERIC R. EVERTS : | |
|     and : | |
| TODD R. EVERTS : | |
|     and : | |
| BROTHERS PROPERTIES, LLC : | |
|     and : | |
| EVERTS PROPERTY MANAGEMENT, LLC: | |
|     Defendants : | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiffs, Sergio Zavala Cerrato (SZavala), and his daughter, Rosa N. Zavala (RZavala), are suing Defendants, Richard A. Everts (REverts), his wife Donna M. Everts (DEverts) and their sons, Eric R. Everts (EEverts) and Todd R. Everts (TEverts), and the Everts' businesses, Brothers Properties, LLC (Brothers) and Everts Property Management, LLC (Everts Property), under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, the Pennsylvania Minimum Wage Act (PaMWA), 43 P.S. §333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law (PaWPCL), 43 P.S. § 260.1, *et seq*. and for unjust enrichment. SZavala and RZavala lived in an apartment in Kennett Square owned and operated by the Defendants for about 20 years. During that time, they both performed worked for Defendants for which they were either not paid at all for or

paid a pittance for. They are bringing this case to recover what they should have been paid, but because of the applicable statute of limitations they are only suing for a fraction of what Defendants failed to pay them.

## II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction over the Zavalas' FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). This Court has jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(a).

3.      This lawsuit properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because the claims arose in this judicial district.

## III.   PARTIES

4.      SZavala is male age 55 residing in Kennett Square. RZavala is a female age 30 who also resides in Kennett Square.

5.       The Everts and their businesses, Brothers and Everts Property, own and operate at least 5 apartment complexes in the Kennett Square area, including an apartment complex called Scarlett Manor or Lafayette Apartments.

6.      Upon information and belief, REverts and his older son TEverts have and had active roles in overseeing Brothers' and Everts Property's day-to-day operations, including the setting, payment, and approval of compensation for its workers and employees.

7.      Upon information and belief, DEverts and EEverts also have or had active roles in overseeing Brothers' and Everts Property's day-to-day operations, including the setting, payment, and approval of compensation for its workers and employees.

8. Upon information and belief, Brothers and Everts Property are a) employers engaged in interstate commerce or in the production of goods for commerce or b) have gross operating revenues exceeding $500,000.

9. Each of the Defendants are employers covered by the FLSA, PaMWA, and PaWPCL.

10. Upon information and belief, REverts and DEverts maintain residences at 191 Lamb Tavern Lane, Glenmoore, PA 19343 and 1850 S. Ocean Drive, Unit 2601, Hallandale Beach, FL 33009.

11. Upon information and belief, TEverts resides at 2 Colts Neck Way, Thornton, PA 19373.

12. Upon information and belief, EEverts resides at either 2268 State Highway 812, DeKalb Junction, NY 13630 or 130 Creamery Road, Pequea, PA 17565.

13. Upon information and belief, Brothers has an office located at 784 Reading Court, West Chester, PA 19380 or 2705 Whittleby Court, West Chester, PA 19382.

14. Upon information and belief, Everts Property has an office located at 191 Lamb Tavern Lane, Glenmoore, PA 19343.

## IV.   FACTUAL BACKGROUND

15. In about November 2000, SZavala, his wife, and their two daughters, one of whom is RZavala, began living at the Scarlett Manor or Lafayette Apartments in Kennett Square.

16. Scarlett Manor/Lafayette Apartments are owned and operated by Defendants.

17. From when the Zavalas moved into their apartment through about June 2, 2019, SZavala worked for the Defendants as the Resident Manager/Maintenance Manager/Superintendent for their apartment complexes in Kennett Square, including Scarlett Manor/Lafayette Apartments, Santa Maria Apartments, Cedar Street Apartments, Toughkenamon Apartments, Race Street Apartments and Modena Apartments.

18. SZavala's duties and responsibilities, as assigned to him by the Defendants, included a) showing units to prospective tenants, b) helping the Defendants find prospective tenants, c) handling repairs dealing with heating, leaks or blockages, apartment flooding, appliances and alarm units, d) shoveling snow and applying snow removal elements such as salt, e) weeding, f) investigating disturbances or complaints, g) preparing apartments for new tenants through painting, h) carpet removal and cleanup, i) garbage pickup and removal, j) cleaning of laundry facilities, k) helping tenants who locked themselves out, l) delivering receipts to the Defendants and m) collecting late rent payments from tenants.

19. REverts and TEverts exercised supervisory authority over SZavala.

20. Upon information and belief, DEverts and EEverts also periodically exercised supervisory authority over SZavala.

21. SZavala was on call 24 hours/day, 7 days/week and typically worked for Defendants about 60 hours per week.

22. Defendants did not pay SZavala any wages for the work he did. Defendants did not pay the employer's share of payroll taxes, including contributions to SZavala's social security retirement benefits. Defendants did not pay any unemployment taxes on behalf of SZavala.

23. Defendants did not provide any employee benefits to SZavala. Defendants provided no health or any other insurance and no vacation or other paid time off. Upon information and belief, Defendants did not have workers compensation insurance available to SZavala if he sustained a work injury.

24. Defendants did not reimburse SZavala for mileage when he used his vehicle for work, cell phone usage (SZavala used his personal cell phone to communicate with tenants and with Defendants, most of monthly cell phone usage was for these reasons) or for work equipment (shovels, snow salt, gloves, trash bags, protective equipment, receipt books) he bought with his own money and used for work.

25. The Defendants did agree to give SZavala $50 for each apartment he found a new tenant for and $70 per month for collecting water bills and late rent payments. Although Defendants agreed to make these payments to SZavala, they frequently did not make these payments to him. Additionally, and upon information and belief, Defendants failed to maintain records of any of these payments to SZavala.

26. Upon information and belief, Defendants believed that they did not need to pay SZavala any wages at all because SZavala, his wife and two daughters did not pay rent. The rent that Defendants would have charged SZavala and his family was between $750/month in the 2000's and $900/month by 2019.

27. Upon information and belief, Defendants did not comply with the requirements in 29 U.S.C. § 203(m)(1) to claim a rent or lodging credit to wages owed to SZavala.

28. SZavala also had a full-time job working at Kaolin Mushroom Farms down the street from their apartment. He worked this job from about 4am – 2pm with Mondays off.

29. RZavala also worked for Defendants through the end of July 2018 when she married and moved out of Scarlett Manor/Lafayette Apartments. She worked for about 20 hours per week and her primary job duties were to act as a translator for Defendants' tenants, field phone calls from tenants, contact tenants about late rent or water payments and communicate various issues to Defendants.

30. Many of Defendants' tenants are Hispanic migrants who have little or no education and do not speak English so Defendants would use RZavala as a translator.

31. On a sporadic basis, Defendants, typically REverts, would give RZavala $50. Upon information and belief, Defendants failed to maintain records of any of these payments to RZavala.

32. Defendants did not pay RZavala any wages for the work she did. Defendants did not pay the employer's share of payroll taxes, including contributions to RZavala's social security retirement benefits. Defendants did not pay any unemployment taxes on behalf of RZavala.

33. Defendants did not pay SZavala any compensation for the hours he worked. Defendants did not pay SZavala minimum wage for any of the hours he worked, and they did not pay SZavala overtime compensation for the hours he worked in excess of 40 hours each work week.

34. Upon information and belief, Defendants have no records of any payments made to SZavala as described in Paragraph 25 above. Defendants do not have the documentation required to claim an FLSA Section 3(m) rent/lodging credit.

35. Defendants knew they were required to pay SZavala at least minimum wage for the hours he worked, plus overtime pay for the hours he worked in excess of 40 hours per week. Defendants chose to ignore the law and did not pay SZavala for nearly 20 years.

36. Upon information and belief, Defendants took advantage of SZavala because he is Hispanic and has a 3rd grade education.

37. Defendants did not pay RZavala any compensation for the hours she worked. Defendants did not pay RZavala minimum wage for any of the hours she worked.

38. Upon information and belief, Defendants have no records of any payments made to RZavala as described in Paragraph 31 above. Defendants do not have the documentation required to claim an FLSA Section 3(m) rent/lodging credit.

39. Defendants knew they were required to pay RZavala at least minimum wage for the hours she worked. Defendants chose to ignore the law and did not pay RZavala for years.

40. Upon information and belief, Defendants have maintained these improper and illegal pay practices for at least the past three years and many years farther in the past than that.

41. Defendants did not maintain employment records for SZavala or RZavala, including the records they were required to maintain in accordance with 29 C.F.R. § 516.2 and 34 Pa. Code § 231.31.

42. Defendants willfully violated the FLSA, PaMWA and PaWPCL by failing to pay its SZavala and RZavala any compensation, including overtime compensation to SZavala, for the hours they worked.

43. The fair value of the work that SZavala did for Defendants was $20-25/hour. Using $20/hour, **Defendants owe SZavala unpaid wages of $145,600** calculated as follows:

> 6/3/17 – 6/2/19 (104 weeks)
>
> (104 weeks x 40 hours/week x $20/hour) + (104 weeks x 20 hours/week x $20/hour x 1.5) = $145,600

44. The fair value of the work that RZavala did for Defendants was $15-20/hour. Using $15/hour, **Defendants owe RZavala unpaid wages of $18,000** calculated as follows:

> 6/3/17 – 7/28/18 (60 weeks)
>
> (60 weeks x 20 hours/week x $15/hour) = $18,000

45. Even using the minimum wage of $7.25/hour, Defendants owe SZavala unpaid wages of $52,780 and RZavala unpaid wages of $8,700.

## V.     CLAIMS

### COUNT I – FLSA
### SZavala v. All Defendants

46. Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

47. The FLSA requires employers such as Defendants to pay employees a minimum wage for all hours they work and overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week.

48. Defendants violated the FLSA by failing to pay SZavala any compensation, including minimum wage and time and a half overtime compensation, for the hours he worked.

WHEREFORE, SZavala seeks the following relief: 1) unpaid compensation damages; 2) liquidated damages; 3) interest; 4) litigation costs including attorney's fees and expenses; and 5) such other relief as the Court shall deem proper. SZavala seeks such relief jointly and/or severally against all Defendants.

### COUNT II – FLSA
### RZavala v. All Defendants

49. Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

50. The FLSA requires employers such as Defendants to pay employees a minimum wage for all hours they work and overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week.

51. Defendants violated the FLSA by failing to pay RZavala any compensation, including minimum wage and time and a half overtime compensation, for the hours he worked.

WHEREFORE, RZavala seeks the following relief: 1) unpaid compensation damages; 2) liquidated damages; 3) interest; 4) litigation costs including attorney's fees and expenses; and 5) such other relief as the Court shall deem proper. RZavala seeks such relief jointly and/or severally against all Defendants.

## COUNT III – PaMWA
### SZavala v. All Defendants

52. Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

53. The PaMWA requires employers such as Defendants to pay employees minimum wage for all hours worked and overtime compensation of 'not less than one and one-half times' their regular rate of pay for all hours worked over 40 in a work week.

54. Defendants violated the PaMWA by failing to pay SZavala any compensation, including overtime compensation, for the hours he worked.

WHEREFORE, RZavala seeks the following relief: 1) unpaid compensation damages; 2) interest; 3) litigation costs including attorney's fees and expenses; and 4) such other relief as the Court shall deem proper. RZavala seeks such relief jointly and/or severally against all Defendants.

## COUNT IV – PaMWA
### RZavala v. All Defendants

55. Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

56. The PaMWA requires employers such as Defendants to pay employees minimum wage for all hours worked.

57. Defendants violated the PaMWA by failing to pay RZavala any compensation the hours she worked.

WHEREFORE, RZavala seeks the following relief: 1) unpaid compensation damages; 2) interest; 3) litigation costs including attorney's fees and expenses; and 4) such other relief as the Court shall deem proper. RZavala seeks such relief jointly and/or severally against all Defendants.

## COUNT V – PaWPCL
## SZavala v. All Defendants

58. Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

59. The unpaid compensation Defendants failed to pay SZavala is considered wages under the PaWPCL.

60. Defendants violated the PaWPCL by failing to pay SZavala any compensation, including time and a half overtime compensation, for all hours worked, including hours he worked in excess of 40 hours/week.

WHEREFORE, SZavala seeks the following relief: 1) unpaid compensation damages; 2) liquidated damages; 3) interest; 4) litigation costs including attorney's fees and expenses; and 5) such other relief as the Court shall deem proper. SZavala seeks such relief jointly and/or severally against all Defendants.

## COUNT VI – PaWPCL
## RZavala v. All Defendants

61. Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

62. The unpaid compensation Defendants failed to pay RZavala is considered wages under the PaWPCL.

63. Defendants violated the PaWPCL by failing to pay RZavala any compensation, including time and a half overtime compensation, for all hours worked, including hours he worked in excess of 40 hours/week.

WHEREFORE, RZavala seeks the following relief: 1) unpaid compensation damages; 2) liquidated damages; 3) interest; 4) litigation costs including attorney's fees and expenses; and 5) such other relief as the Court shall deem proper. RZavala seeks such relief jointly and/or severally against all Defendants

### COUNT VII – UNJUST ENRICHMENT
### SZavala v. All Defendants

64. Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

65. At all times relevant to this Complaint, Defendants by their policies and practices, benefited from, and increased their profits by failing to pay wages earned and due to SZavala at a minimum wage rate or at overtime rate for the hours he worked.

66. Defendants accepted and received the benefits of the work performed by SZavala without compensating him for said work. The profits of Defendants were unjustly enriched at the expense of SZavala.

WHEREFORE, SZavala seeks judgment for Defendants' unjust enrichment in an amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts. SZavala seeks such relief jointly and/or severally against all Defendants.

### COUNT VIII – UNJUST ENRICHMENT
### RZavala v. All Defendants

67. Paragraphs 1-45 are incorporated by reference as if fully set forth herein.

68. At all times relevant to this Complaint, Defendants by their policies and practices, benefited from, and increased their profits by failing to pay wages earned and due to RZavala at a minimum wage rate for the hours she worked.

69. Defendants accepted and received the benefits of the work performed by RZavala without compensating her for said work. The profits of Defendants were unjustly enriched at the expense of RZavala.

WHEREFORE, RZavala seeks judgment for Defendants' unjust enrichment in an amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts. RZavala seeks such relief jointly and/or severally against all Defendants.

                              Respectfully submitted,

By:   SMP2861
      Scott M. Pollins - Pa. Atty. Id. No. 76334
      **Pollins Law**
      303 W. Lancaster Ave., Ste. 1C
      Wayne, PA 29087
      (610) 896-9909 (phone)/(610) 896-9910 (fax)
      scott@pollinslaw.com (email)

Attorney for Plaintiffs, Sergio Zavala Cerrato and Rosa N. Zavala

Date:   6/3/2020

13